## JOSEPH T. LEBEAU *v.* JEAN B. BERGERON.

In a contest of boundary between two parties who have purchased adjoining tracts from a common vendor, the line which their vendor had caused to be run as the dividing line between the two tracts before he sold them, will be recognized as the dividing line between the two parties deriving title from him.

Under such circumstances, if either party has not the quantity of land called for by his title, he must seek it from his vendor, and not from the proprietor of the adjoining tract, who does not claim or possess beyond the line established by their common vendor.

In such a case, the plat of a survey, and the *proces verbal* of a parish surveyor, are admissible in evidence after the death of the surveyor, to show that the line was run by him at the request of the common vendor, and that he considered it the boundary of the two tracts which had been divided by him, and also to show that the parties bought the land in accordance with the lines established by the survey, and that the defendant took possession and cultivated his tract according to it.

In an action of boundary, a division line which has been long established by surveyor's marks, a canal and fence, and under which both parties bought, and which is referred to in the act of sale, will be taken as the true line, in preference to a new one, which gives to one of the parties a larger boundary.

APPEAL from the District Court of the parish of Point Coupée, *Haralson, J.* *U. B. & E. Phillips* and *T. G. & H. Cooley,* for plaintiff. *A. Provosty,* for defendant and appellant.

COLE, J. The plaintiff, in his petition, states " that he is the owner of a certain tract of land in the Island of False River, containing two arpents in front, by forty in depth ; that defendant has taken possession of a portion of said land ; that said land formerly belonged to, and was part of a tract of land twenty arpents front belonging to *J. B. Désorme ;* that said *Désorme* sold in May, 1832, five arpents to *J. B. Bergeron, père,* and on the same day sold to defendant, *J. B. Bergeron, fils,* another tract of five arpents—making ten, bounded on one side by lands of *J. B. Bergeron, père,* and on the other by the vendor.

" That the balance of said tract has passed by a regular chain of titles to *Abeis O. Lebeau,* who sold two arpents of the same, adjoining the land of defendant, to *Auguste Guerin,* and the same has descended by regular transfers and by inheritance to your petitioner."

Wherefore he prays to be decreed to be the legal owner of two arpents front,

62

commencing at the distance of ten arpents from the side of said tract of twenty arpents, bounded by lands of said *J. B. Bergeron, père,* as aforesaid.

There was judgment in favor of plaintiff for a portion of the land in possession of defendant. The latter has appealed.

Plaintiff has not alledged the location or the quantity of land illegally taken possession of by the defendant.

The prayer of the petitioner merely asks that he may be decreed to be the legal owner of two arpents front, commencing at the distance of ten arpents from the lower lateral line of the tract of twenty arpents.

It appears that plaintiff is in possession of the quantity of land in front, called for by his title, but conceives that the defendant has encroached upon his land in the rear.

The evidence sufficiently establishes the line BZ to be the upper boundary of the tract of defendant; it is consequently the lower line of that of plaintiff.

The latter contends that the line XX is the upper line of defendant. The testimony, however, shows, that in 1823, *L'Hermite,* a surveyor, at the request of *J. B. Désorme,* the common vendor of all parties, made a survey of the twenty arpent tract, which was then divided into two tracts, numbered 4 and 5, each having a front of ten arpents.

He traced the line of division between them, and drew the line BZ as that which separated the two tracts.

The upper boundary of the estate now owned by defendant was, therefore, fixed by the former owner in 1823.

*St. Ville Lebeau* testifies, that the plaintiff, and also his father, took possession of their land, as surveyed by *L'Hermite.*

As defendant is not in possession of land beyond the line BZ, if plaintiff has not his complement of land in the rear, he must seek it, if he has any legal claim from his vendor, and not from the defendant.

The survey of *L'Hermite* was rejected by the District Court. It should have been received. *Wells et al.* v. *Compton et al.,* 3 R. 185.

The survey was made by *L'Hermite,* the parish surveyor of Point Coupée, at the request of *Désorme,* and the *proces verbal* is signed by him. This survey was good evidence to show what the common vendor of the land in dispute considered to be the boundaries of the two tracts into which the twenty arpents were divided. It was also admissible, as rebutting evidence, as it is referred to by the witnesses of plaintiff.

This survey is also important, as it is shown that the parties have bought in accordance with the lines established thereby, that defendant has taken possession of his land according to it, and has thus held and cultivated the land since 1832. Plaintiff purchased his tract in 1857, according to its recognized limits, and he cannot now disturb the division line consented to for twenty-five years, by the previous holders of the tract.

The titles show, also, that the lateral lines of the estate of plaintiff close in the rear.

The upper boundary of the defendant is established by the surveyor's marks, by posts, a canal and fence; and it has been for twenty-five years considered as the dividing line between the estate of defendant and that of plaintiff. *Williamson* v. *Hymel,* 11 La. 185 ; *Gray* v. *Couvillon,* 12 An. 732.

We are of opinion, that plaintiff has failed to show that defendant is in possession of any part of his land. In a petitory action, the plaintiff must establish

clearly his title to the property in possession of another, otherwise he cannot recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; that there be judgment in favor of defendant against the demand of plaintiff, for the land claimed by the latter of the former, and that defendant be recognized as the owner thereof ; that the line BZ, as drawn on the map of *C. G. Hale*, in the record in this suit, be recognized as the division line between the estate of defendant and that of plaintiff; and that the latter pay the costs of both courts.